**IT IS ORDERED as set forth below:**



Date: July 11, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN RE: | CASE NO. 21-57056-WLH |
|---|---|
| TRACY L. BROWN, | CHAPTER 7 |
| Debtor. | |

**ORDER ON MOTION FOR REVIEW AND REDUCTION OF ATTORNEY'S FEES
AND OTHER SANCTIONS AGAINST SERGE JEROME, JR.**

**THIS MATTER** is before the Court after an in-person evidentiary hearing held on June 15, 2023, on the United States Trustee's Motion for Review and Reduction of Attorney Fees and for Imposition of Other Sanctions (Doc. No. 90) (the "Motion"). The Court considered argument from counsel for the United States Trustee ("UST") and Mr. Jerome, documentary evidence, and testimony of Mr. Jerome. The transcript of Debtor's Rule 2004 examination was also admitted into

1

evidence. The Court continued the hearing to July 11, 2023, in an attempt to obtain the Debtor's live testimony. Debtor did not appear. The court ruled orally at the July 11 hearing and now commits its ruling to writing. For the reasons stated on the record at the hearing and outlined herein, the Court finds the Motion should be granted in part and denied in part.

Facts

Tracy L Brown (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 21, 2021. The petition was filed by Serge Jerome, Jr. ("Mr. Jerome") as counsel.

In the Motion, the UST alleges:

1) Mr. Jerome failed to obtain Debtor's authorization to sign the petition;

2) Mr. Jerome failed to obtain Debtor's original signature;

3) Mr. Jerome failed to accurately disclose compensation paid to him;

4) Mr. Jerome failed to obtain Debtor's consent to file the Motion to Convert;

5) Mr. Jerome failed to respond to the UST's inquiries;

6) Mr. Jerome failed to provide competent representation;

7) Mr. Jerome failed to exercise diligence by failing to attend Court hearings and to respond to the UST's requests for information;

8) Mr. Jerome failed to communicate with the Debtor; and

9) Mr. Jerome failed to make correct statements.

The facts relevant to these allegations fall into several categories. The Court makes the following finding of facts established by clear and convincing evidence.

<u>Failure to obtain Debtor's authorization to file the petition</u>

The UST alleges Mr. Jerome failed to obtain Debtor's authorization to file the petition. Both Debtor and Mr. Jerome testified, however, that Debtor intended to file bankruptcy. Debtor initially met with Mr. Jerome on December 11, 2020, during which time he took notes and discussed Debtor's bankruptcy options. The meeting lasted approximately an hour. Debtor knew definitively she wanted to file bankruptcy (Debtor has a master's degree in business administration and has worked as a commercial credit manager), but the two discussed whether she should file a Chapter 7 or Chapter 13 bankruptcy petition. Mr. Jerome advised her to file a Chapter 13 case to save her home, but she ultimately decided to file a Chapter 7 case. Debtor did not bring bank statements or other documents with her to the first meeting.

Months later, Debtor returned to Mr. Jerome's office and met with a paralegal, Leshon Rivers. She then provided additional information, including bank statements, a copy of a judgment, and other "stuff," which she gave to Mr. Jerome's paralegal. Debtor did not recall discussing her exact household expenses with Mr. Jerome's paralegal. Debtor did, however, authorize the paralegal to pull her credit report and took the required credit counseling course. After their meeting, Mr. Jerome's paralegal called Debtor a couple times and asked her questions. Mr. Jerome edited Debtor's bankruptcy schedules and ultimately filed a Chapter 7 bankruptcy case for Debtor on September 21, 2021. Mr. Jerome testified he advised Debtor of the changes he made to her verified papers and sent her a copy of the updated forms and schedules. He testified he did not have email records showing he sent the documents because he no longer had access to the email he was using at the time.

Debtor did not recall seeing the paperwork that was filed, she did not recall the petition, and stated the forms did not look familiar to her. Debtor did not recall filling out the bankruptcy

forms with anyone, and she did not read and review the documents. But, while Debtor did not recall signing anything, she also testified that she could not swear that she did not sign the documents. In fact, she was sure she signed something, and authorized Leshon to sign something on her behalf, but she could not recall specifics. She stated she understood that the information included in her verified papers was listed under penalty of perjury.

Debtor did not agree with all of the information included in her bankruptcy schedules and related documents. Debtor stated she did not agree with the value of her home as scheduled, and thought the values attributed to household goods and jewelry and clothing were low. Additionally, she stated that she owned property in Tennessee and received rental income that was not disclosed on her schedules, and noted that the amount listed for automobile insurance was incorrect. Debtor testified she did not discuss exemptions with Mr. Jerome and did not know what exemptions were. Debtor stated she also did not recognize the means test form and believed it was not accurate. She stated the form reported her current income, rather than her income for the prior 6 months, and did not disclose rent paid to her on the Georgia and Tennessee properties. Finally, she stated that it was possible that property in Tennessee had been sold in February 2021. But Debtor acknowledged that much of the information included in her schedules was accurate including: her 2020 income, value of electronic goods, value of secured debt, general unsecured credit card claims, income on Schedule I, household size, expenses for life insurance and transportation, and intention to surrender property.

The Court finds Debtor wanted to file bankruptcy. She understood what was happening and decided to file a Chapter 7 case, over a Chapter 13 case, after discussing the same with Mr. Jerome. Debtor provided information and met with Mr. Jerome and later with his paralegal, with the latter asking follow-up questions. The information on Debtor's schedules was largely drawn

4

from public information, Debtor's credit report and bank account statements. Mr. Jerome did not specifically ask about every item, so on the schedules it appears he estimated some of the values of property. But he nevertheless attempted to get the required information from the Debtor. Debtor did not see the final papers, and did not verify the petition, schedules, and other papers as filed but she nevertheless intended to file bankruptcy and enlisted Mr. Jerome's assistance to do so.

### Failure to obtain an original signature

The Bankruptcy Local Rules require an attorney to obtain and retain their client's original signature on verified papers, including a petition for relief, lists of creditors, and all documents required to be filed under Bankruptcy Rule 1007(b). See BLR 5005-7(c)(1); BLR 9001-1(o) (defining "Verified Paper"). The UST alleges Mr. Jerome failed to obtain Debtor's original signature on the verified papers filed with the Court. Mr. Jerome acknowledged at the June 15 hearing that he did not obtain the Debtor's original signature on her petition, bankruptcy schedules, and related documents.

### Failure to disclose attorney fee

Section 329 of the Bankruptcy Code requires any attorney representing a debtor to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). This Code section is implemented by Fed. R. Bankr. P. 2016(b). Mr. Jerome's Disclosure of Compensation of Attorney for Debtor (the "2016 Statement") stated he charged $1,200.00 and received $700 prior to filing the bankruptcy case. (Doc. No. 1 p. 40.) Mr. Jerome testified that the statement was accurate—he had agreed to charge the Debtor $1,200, but she only paid $700. Debtor likewise testified at her deposition that she had

5

agreed to pay Mr. Jerome in two payments and had paid him $700 in advance. While the UST referred to Debtor's bank statements to suggest she paid additional fees to Mr. Jerome, the statements were not admitted into evidence. There is no evidence showing Mr. Jerome received any funds beyond the initial $700 he received from the Debtor.

Failure to meet with the Debtor

The UST argues Mr. Jerome did not meet with the Debtor. But Mr. Jerome disputes this allegation and he and the Debtor testified he met with the Debtor in December 2020 and spent approximately an hour with her. He discussed the option of filing either a a Chapter 7 case or a Chapter 13 case, and informed her of other documents needed. She later met with a paralegal for about 15 minutes and provided documents to her.

Failure to obtain consent to file Motion to Convert

The UST alleges Mr. Jerome failed to obtain the Debtor's permission to file the Motion to Convert to Chapter 13 (Doc. No. 44). The Motion to Convert was filed on April 12, 2022, and bears Debtor's electronic signature.

About a week prior to her scheduled April 2004 examination, Mr. Jerome reached out to Debtor about the status of her case. Debtor stated her situation had changed and she wanted to dismiss her case and therefore did not plan to attend the 2004 exam. Mr. Jerome informed Debtor that the Trustee opposed dismissal of the case. Mr. Jerome explained the Trustee was looking to sell Debtor's home, and the case had to be converted to save her home. She testified she thought a motion to dismiss had been filed and was not aware of whether a motion to convert had been filed, but she acknowledged "the Court required it to be converted." She understood Mr. Jerome to say the case had been converted. But at her May 19 deposition, the UST informed the Debtor of the date and time of the hearing on the Motion to Convert and how to participate. Nevertheless, she

6

did not appear at the hearing. Debtor was generally aware of the difference between a Chapter 7 and a Chapter 13 case. Debtor, however, just wanted to dismiss her case. Debtor acknowledged she did not open her mail regularly, but she had received something in the mail on which she read "Chapter 13." She was, nevertheless, generally aware that the Motion to Convert had been filed, but she did not sign the Motion to Convert.

<u>Failure to respond to inquiries from the UST</u>

The UST contends Mr. Jerome failed to respond to her inquiries. On October 6, 2021, the UST advised Mr. Jerome that she was investigating the case under Bankruptcy Code section 707(b) and requested Debtor produce materials for review under 707(b) by October 22, 2021. The materials were not produced as requested, and the UST moved for authorization to conduct an examination of the Debtor pursuant to Bankruptcy Rule 2004 (Doc. No. 26). The Court granted the request on December 30, 2021 (Doc. No. 27). The UST attempted to contact Mr. Jerome to schedule an examination on December 29, 2021; January 5, 2022; and February 18, 2022. Mr. Jerome did not respond to any of the emails from the UST attempting to schedule the exam. The UST served a subpoena for Debtor to appear at a 2004 exam to be held by video conference on April 13, 2022 (Doc. No. 39). The UST ultimately conducted a Rule 2004 examination of the Debtor on May 19, 2022. Mr. Jerome appeared at the examination, after the UST called him.

After Debtor's 2004 exam, counsel for the UST sent Mr. Jerome an email requesting information including intake materials, evidence of the Debtor's signature, and evidence regarding Debtor's knowledge of the Motion to Convert. Mr. Jerome did not provide the requested information. Instead, he sent a response on May 24, 2022, stating: "It seems that this email is essentially a waste of time. What is the basis of this request and the authority to question me?" Counsel for the UST responded to Mr. Jerome on May 25, 2022 ("Ms. Brown credibly testified at

her Rule 2004 examination that she did not authorize or sign her schedules or the motion to convert her case to chapter 13. The schedules and the pleading clearly contain her electronic signature. Are you suggesting that this is something the United States Trustee does not have the authority or the duty to investigate?"). Mr. Jerome did not reply. On May 27, 2022, counsel for the UST emailed Mr. Jerome: "Please advise if you intend to cooperate with the United States Trustee's informal request for the documents listed below." Mr. Jerome did not respond. On August 2, 2022, counsel for the UST sent an additional email to Mr. Jerome stating the UST was still awaiting a response to her inquiry. Mr. Jerome never responded to the inquiry.

Failure to file accurate schedules

Next, the UST alleges the information in Debtor's verified papers was incorrect. The information in the Debtor's Schedules was largely correct. Debtor testified her creditors were correctly identified, and her income and most expenses were properly listed on Schedules I and J. Debtor stated she disagreed with the value of her property, and she noted some of her income and assets were not disclosed. She acknowledged much of the information was correct.

Failure to attend hearings

The UST alleges Mr. Jerome failed to attend scheduled hearings. Initially, the UST attempted to contact Mr. Jerome to schedule a Rule 2004 examination of the Debtor. Mr. Jerome did not respond to any of the emails to schedule the exam. The UST served a subpoena for Debtor to appear at a 2004 exam to be held by video conference on April 13, 2022 (Doc. No. 39). Mr. Jerome failed to appear at the scheduled examination. (Mr. Jerome ultimately appeared at the Rule 2004 exam held on May 19, 2022.)

Next, the Court held a hearing on the Motion to Convert on May 26, 2022. The Chapter 7 Trustee and counsel for the UST (Alan Hinderleider) were present; Debtor and Mr. Jerome failed

8

to appear. Accordingly, the Court denied the Motion to Convert (Doc. No. 57).

The Chapter 7 Trustee moved forward with administration of the case and filed an application to employ a realtor to sell property located at 292 Leatherwood Court, Lawrenceville, Georgia (Doc. No. 81). The Court held a hearing on the application on April 18, 2023. Debtor and Mr. Jerome did not appear at the hearing. The Chapter 7 Trustee appeared and stated he had repeatedly attempted to contact Mr. Jerome regarding the administration of the estate but counsel had not been responsive. Accordingly, the Court ordered Mr. Jerome to appear before the Court on April 27, 2023 to show cause why he should not be sanctioned for his conduct in this case.

Mr. Jerome appeared on April 27, 2023. At that time, the Court announced it would enter an order and notice of in-person hearings requiring Mr. Jerome to appear again before the Court on June 1, 2023 and June 15, 2023. On May 2, 2023, the Court entered an order requiring Mr. Jerome to appear in person on June 1, 2023. Mr. Jerome failed to appear before the Court on June 1. At the hearing on June 15, Mr. Jerome acknowledged he did not attend the June 1 hearing, but he presented no reason for his failure to attend the hearing as directed.

Law

Having found the facts above, the Court will examine the applicable law.

A.  BLR 5005-7

The Bankruptcy Local Rules require an attorney to obtain and retain their client's original signature on verified papers, including a petition for relief, lists of creditors, and all documents required to be filed under Bankruptcy Rule 1007(b). See BLR 5005-7(c)(1); BLR 9001-1(o) (defining "Verified Paper"). Bankruptcy Local Rule 5005-7(c)(1) specifically provides:

> A person electronically filing a Verified Paper certifies that such filer has in such filer's possession at the time of filing the fully executed original Verified Paper with an original signature of each person whose signature is indicated thereon.

BLR 5005-7(c)(1). General Order 38-2020 explains an original signature includes a signature created by placing an ink pen on paper (a wet ink signature), a signature obtained through an e-signing and digital management software application that provides for an audit trail (such as DocuSign, PandaDoc, or AdobeSign), or a signature delivered to the filer by the signatory in an image format through email. General Order 38-2020 further provides the failure to comply with the procedures found in BLR 5005-7 "may result in the Court ordering a suspension or limitation . . . of the filing of cases in this Court."

Mr. Jerome acknowledged at the June 15 hearing that he did not obtain the Debtor's original signature on her petition, bankruptcy schedules, and related documents. Accordingly, the Court finds Mr. Jerome failed to comply with BLR 5005-7(c)(1) and General Order 38-2020 requiring counsel to obtain and retain the Debtor's original signature. Debtor also did not sign the Motion to Convert, but a motion is not a verified paper and, as such, BLR 5005-7 does not apply.

B.  Rule 1008

Bankruptcy Rule 1008 requires that the schedules and statement of financial affairs be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. Fed. R. Bankr. P. 1008. The purpose of having the debtor's signature on the petition is to affirm that the information contained in the petition is true and correct. In re Alvarado, 363 B.R. 484, 491 (Bankr. E.D. Va. 2007). Filing a petition without the debtor's verification violates Rule 1008 and "amounts to fraud." Id. By failing to obtain the debtor's verification as to the accuracy of the documents he files, an attorney falsely represents to the court that "the allegations and other factual contentions have evidentiary support." In re Stomberg, 487 B.R. 775, 807 (Bankr. S.D. Tex. 2013) (citing Fed. R. Bankr. P. 9011(b)(3)); see also In re Phillips, 317 B.R. 518, 524 (B.A.P. 8th Cir. 2004), aff'd

10

in part, 433 F.3d 1068 (8th Cir. 2006) ("With no verification, the factual contentions have no evidentiary support and thus the petition violates Rule 9011(b)(3).").

As the Court found above, Debtor did not review the final version of her bankruptcy schedules and related documents prepared by Mr. Jerome. Thus, Debtor never verified the accuracy of the information contained in her filed schedules and SOFA. And, even if the Debtor had signed a prior draft or authorized a signature without her reviewing the final versions, Mr. Jerome did not obtain the Debtor's signature on the filed versions. The issue is not whether the debtor authorized the filing of a petition (she did), but whether she verified that the information provided was correct. Stomberg, 487 B.R. at 807. She did not. With no verification of the filed documents, the petition violates Rule 1008.

C. Section 329 and Rule 2016

Section 329 of the Bankruptcy Code requires any attorney representing a debtor to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). This Code section is implemented by Fed. R. Bankr. P. 2016(b) which requires the attorney to

> file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . . A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

Here, the 2016 Statement filed by Mr. Jerome was accurate. The 2016 Statement stated he

11

charged $1,200.00 and received $700 prior to filing the bankruptcy case. Mr. Jerome testified that the statement was correct—he had agreed to charge the Debtor $1,200, but she only paid $700. Debtor likewise testified at her deposition that she had agreed to pay Mr. Jerome in two payments and had paid him $700 in advance. While the UST referred to Debtor's bank statements to suggest she paid additional fees to Mr. Jerome, the statements were not admitted into evidence. There is no evidence showing Mr. Jerome received any funds beyond the initial $700 he received from the Debtor. Thus, Mr. Jerome did not violate section 329 of the Bankruptcy Code and Bankruptcy Rule 2016.

    D.  Duty of diligence

Georgia Rules of Professional Conduct apply in bankruptcy court proceedings. See BLR 9010-3, incorporating LR 83-1 of the United States District Court, Northern District of Georgia. Georgia Rule of Professional Conduct 1.3 provides that a lawyer "shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this Rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer." Ga. R. Bar Rule 1.3. An attorney violates this duty by failing to respond to inquiries. See e.g., In re Armwood, 278 Ga. 867, 867 (2005) (failure to respond to repeated requests for information). An attorney may also violate Rule 1.3 by failing to appear. In re Williams, 278 Ga. 211, 212 (2004) (failure to appear on client's behalf at hearing even though he had notice of the court date); In re Goff, 277 Ga. 528, 529 (2004) (failure to appear for deposition). In both cases, an attorney's lack of attention to a case demonstrates an apparent lack of reasonable diligence. See In re Robbins, 2007 WL 7143408 (Bankr. N.D. Ga. Oct. 2, 2007).

Mr. Jerome failed to act with reasonable diligence and promptness in responding to the

12

UST's inquiries and appearing at hearings. As outlined above, Mr. Jerome did not respond to the UST's requests for information or dates to conduct a Rule 2004 exam. When the UST requested Mr. Jerome send information after Debtor's 2004 examination, he did not provide the requested information. Instead, he sent a response on May 24, 2022, stating: "It seems that this email is essentially a waste of time. What is the basis of this request and the authority to question me?" Counsel for the UST responded to Mr. Jerome three more times, but he never responded.

The Trustee also reported at the hearing on April 18, 2023, that he had repeatedly attempted to contact Mr. Jerome regarding the administration of the estate but counsel had not been responsive. Mr. Jerome not only failed to respond to inquiries from the UST and the Trustee, but he also failed to appear before the Court for several hearings including the May 26, 2022, hearing on the Motion to Convert, the April 18, 2023 hearing on the Debtor's application to employ a realtor, and the status hearing on June 1, 2023.

Mr. Jerome's failure to respond in a timely manner to the UST's requests shows a lack of reasonable diligence. But his flippant email response shows a lack of professionalism and disrespect for the legal system. Flippant statements "demean the profession and impair the orderly operation of the judicial system. They also violate the ethical standards for lawyers[.]" In re Lisse, 921 F.3d 629, 644 (7th Cir. 2019). Mr. Jerome's failure to attend Court hearings also demonstrates a lack of diligence and attention to the case. Accordingly, the Court finds Mr. Jerome failed to comply with Georgia Rule of Professional Conduct 1.3.

E. Duty of competence

Georgia Rule of Professional Conduct 1.1 provides that a lawyer shall provide competent representation to a client. Rule 1.1 requires a lawyer "not handle a matter beyond the lawyer's level of competence without associating with another lawyer believed to be competent." Id.

13

Competence requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. Id.

An attorney violates this rule when he shows a lack of thoroughness and preparation. In re Washington, 314 Ga. 78, 81 (2022). In a consumer bankruptcy case, "competent representation under Georgia Rule 1.1 requires the lawyer to provide representation essential to the client's pursuit of the purposes of the representation." In re Egwim, 291 B.R. 559, 569–70 (Bankr. N.D. Ga. 2003). Competency includes the attorney's presence at any court proceeding for which he was retained. Thus, failing to attend a hearing or respond to a motion can violate Rule 1.1. In re Roberts, 314 Ga. 510, 514 (2022).

The UST alleges Mr. Jerome failed to demonstrate the requisite thoroughness and preparation required to represent the Debtor in this case. The UST alleges Mr. Jerome did not meet with the Debtor. But Debtor's testimony is consistent with Mr. Jerome's testimony. Both stated Debtor met with Mr. Jerome for about an hour and that she later returned and met with his paralegal, during which they discussed bankruptcy matters for about 15 minutes. By all accounts, Mr. Jerome did meet with the Debtor.

Next, the UST alleges Mr. Jerome did not inform Debtor about the Motion to Convert but, as explained above, the evidence does not support this conclusion.

The UST also alleges Mr. Jerome failed to obtain the Debtor's original signature on her verified papers. Mr. Jerome filed the verified papers without obtaining Debtor's original signature, although he understood she had authorized the signature and filing.

Finally, the UST alleges the information included on Debtor's schedules was incorrect. As explained above, the schedules were largely correct. Debtor did not recall discussing exemptions, and she disagreed with some of the values, but she agreed with the amounts owed, the figures

listed on Schedule I and J, her intention to surrender her car, and that her income listed was her accurate current income (rather than for the prior 6 months). Debtor testified she discussed her options (whether to file a Chapter 7 or Chapter 13 case), and that Mr. Jerome told her certain items needed to be fixed and the Trustee intended to sell her home. While Mr. Jerome's work was not perfect, he completed the schedules and other documents to the best of his ability and did not violate Rule 1.1.

F. Duty of communication

The UST contends Mr. Jerome failed to communicate with the Debtor in violation of Georgia Rules of Professional Conduct 1.4, which requires an attorney to keep the client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information. In re Palazzola, 310 Ga. 634, 638 (2020) (citing Rule 1.4). Attorneys violate Rule 1.4 when they fail to communicate with their clients and keep them informed of the status of their legal matters, especially when clients attempt repeatedly to speak with them.

The UST states Mr. Jerome did not inform Debtor about the Motion to Convert, but the evidence does not support that conclusion. Debtor stated Mr. Jerome followed up with her regarding the case and that she asked for the case to be dismissed. She confirmed that she consulted with Mr. Jerome about filing the case under Chapter 13 of the Bankruptcy Code. Further, Debtor stated that, Mr. Jerome informed her the Chapter 7 Trustee was looking at selling her house. Debtor was generally aware of the Motion to Convert. Further, Mr. Jerome testified that he spoke to the Debtor about the status of her case the day after her Rule 2004 exam. She did not respond to his further attempts to contact her. It appears Debtor simply decided she wanted her case dismissed and no longer wanted to participate in the proceedings or respond to Mr. Jerome. There are no allegations that Mr. Jerome failed to adequately respond to Debtor's communications or requests

15

for information. Accordingly, the Court finds Mr. Jerome attempted to keep the Debtor reasonably informed about the status of her case.

G. Duty of candor

Among the most important ethical requirements for Georgia lawyers is the duty of candor to the courts in which they appear, as set forth in Rule 3.3 of the Georgia Rules of Professional Conduct. In re Manning-Wallace, 287 Ga. 223, 224–25 (2010). That rule provides specifically that "[a] lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal." Rule 3.3(a)(1). Submission of a sworn statement containing false information violates the duty of candor. In re Branan, 300 Ga. 779, 779 (2017). Courts have held that knowingly filing a bankruptcy petition and associated statement of financial affairs without the client's verification violates Rule 3.3. See In re Minsk, 296 Ga. 152, 153 (2014).

Mr. Jerome filed the verified papers without obtaining Debtor's original signature, although he understood she had authorized the signature and filing. The Debtor recalls authorizing Mr. Jerome to sign something, but she could not remember what. The Court has found that the filing was authorized, but the verification was ineffective because Debtor did not review the final documents. The Court concludes this was sloppy work by Mr. Jerome, but not a knowingly false statement. Similarly, Mr. Jerome filed the Motion to Convert with Debtor's electronic signature. Debtor's signature on the Motion to Convert was not required, and attaching it was misleading. Debtor did not sign the Motion to Convert. But the Court has found Debtor was aware of the Motion to Convert and the reasons for it, so the Court concludes the signature on the Motion to Convert was not a knowingly false statement.

Sanctions

A. <u>Sanctions under 11 U.S.C. § 105(a)</u>

Having found Mr. Jerome violated BLR 5005-7(c))(1), Bankruptcy Rule 1008, and his professional duty of diligence, the Court must determine the appropriate sanctions. The nature of the sanctions is within the Court's discretion. The UST asks the Court to impose sanctions under section 105(a) of the Bankruptcy Code. The Court has the inherent power, "incidental to all courts" to "discipline attorneys who appear before it." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991). This inherent power includes the power to suspend or disbar attorneys from practicing before the court. <u>In re Snyder</u>, 472 U.S. 634 (1985); <u>In re Mattinson</u>, 2010 WL 4102293, at *3 (Bankr. N.D. Ga. Oct. 1, 2010). Additionally, the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code." <u>Law v. Siegel</u>, 571 U.S. 415, 420-21 (2014) (citing 11 U.S.C. § 105(a)). Pursuant to the Bankruptcy Local Rules, attorney disciplinary matters are governed by Rules 83.1C and 83.1F of the Civil Local Rules for the District Court for the Northern District of Georgia. Local Rule 83.1F(2), however, provides that nothing within Rule 83.1F "shall limit the right of an individual judge to manage the cases assigned to the . . . judge, which right shall include the authority to impose monetary penalties, to disqualify counsel from participation in a particular case, and to impose any other penalties or sanctions which may be appropriate in a particular case." LR 83.1F(2). <u>In re Reeves</u>, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007).

The Court has already sanctioned Mr. Jerome for his failure to show cause for failing to appear before the Court by suspending him from the practice in the Bankruptcy Court for the Northern District of Georgia for the longer of 6 months or certified completion of 12 hours of continuing legal education (Doc. No. 109). The Court believes that this an appropriate sanction for

17

his conduct in this case for violating local rules, bankruptcy rules, and a rule of professional responsibility. The sanction set forth here will run concurrently with the suspension issued in the Order Holding Serge Jerome, Jr. in Contempt and Imposing Sanctions (Doc. No. 109) and the suspension issued in In re Baker, Case No. 23-50344-WLH (Bankr. N.D. Ga.).

B. Sanctions under 11 U.S.C. § 329(b)

Section 329(b) of the Bankruptcy Code allows the Court to cancel any fee agreement or order the return of any payment to the extent the payment is in excess of the reasonable value of any services provided by the attorney. 11 U.S.C. § 329(b). The Court finds disgorgement is not appropriate under section 329(b). Mr. Jerome only received $700 for filing this case. That is an imminently reasonable fee, particularly given Debtor sought bankruptcy relief and has enjoyed the benefit of the automatic stay since the case was filed nearly two years ago. The Court finds Debtor received $700 in services from Mr. Jerome and, thus, the Court will not order the return of any payment to the Debtor pursuant to section 329(b).

Conclusion

Accordingly, for the reasons stated above and on the record on June 15, 2023 and July 11, 2023,

**IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Mr. Jerome is hereby **SUSPENDED** from practice in the Bankruptcy Court for the Northern District of Georgia for the longer of 6 months or certified completion of the CLE outlined below. This suspension shall run concurrently with the suspension issued in In re Baker, Case No. 23-50344-WLH (Bankr. N.D. Ga.).

**IT IS FURTHER ORDERED** that Mr. Jerome shall complete 12 hours of Georgia continuing legal education, at least 6 in ethics and professionalism and at least 6 in bankruptcy

law. Mr. Jerome shall file a certificate of completion with proof of completion of the hours. These CLE hours may be the same used to satisfy the Court's sanction order in In re Baker, Case No. 23-50344-WLH (Bankr. N.D. Ga.).

**IT IS FURTHER ORDERED** that the foregoing sanctions are without prejudice to the consideration or imposition of additional sanctions in any of the other cases filed by Mr. Jerome in the Northern District of Georgia or to additional sanctions in this case should Mr. Jerome fail to comply herewith.

**IT IS FURTHER ORDERED** that the Clerk will serve this order on debtors, trustees, and other parties filing a notice of appearance in any case in this district in which Mr. Jerome is counsel.

**END OF DOCUMENT**

**Distribution List**

Tracy L Brown
292 Leatherwood Ct.
Lawrenceville, GA 30043

Serge Jerome, Jr.
The Jerome Law Firm PA
1100 Peachtree Street, NE
Suite 200
Atlanta, GA 30309

Jason L. Pettie
Taylor English Duma
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Alan Hinderleider
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Jeneane Treace
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303