**IT IS ORDERED as set forth below:**



Date: July 12, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 21-57056-WLH |
| TRACY L. BROWN, | CHAPTER 7 |
| Debtor. | |

**ORDER HOLDING DEBTOR TRACY L. BROWN IN CONTEMPT
AND IMPSOING SANCTIONS**

**THIS MATTER** is before the Court on three orders directing Debtor to appear before the Court on July 11, 2023 to show cause why she should not be held in contempt and sanctioned for failing to appear before the Court pursuant to 11 U.S.C. § 105, the Court's inherent authority, and/or 28 U.S.C. § 1826.

1

Facts and background

Tracy L Brown (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 21, 2021 with the assistance of counsel, Serge Jerome. Debtor has been unresponsive and difficult during much of the case. The Debtor's section 341 meeting of creditors was scheduled for October 27, 2021. Debtor failed to appear at the hearing. The Chapter 7 Trustee reset the meeting to November 19, 2021, at which time the Trustee commenced and concluded the section 341 meeting of creditors.

On December 27, 2021, the UST moved for authorization to conduct an examination of the Debtor pursuant to Bankruptcy Rule 2004 (Doc. No. 26). The Court granted the request (Doc. No. 27) on December 30, 2021. The UST served a subpoena for Debtor to appear at a 2004 exam to be held by video conference on April 13, 2022 (Doc. No. 39). Debtor failed to appear at the 2004 exam on April 13, 2022. The UST ultimately conducted a Rule 2004 examination of the Debtor on May 19, 2022.

Meanwhile, on April 12, 2022, a Motion to Convert was filed (Doc. No. 44), seeking to convert the case to one under Chapter 13. The UST filed a response in opposition to the Motion to Convert (Doc. No. 46). The Court held a hearing on the Motion to Convert on May 26, 2022. Debtor and her counsel failed to appear. Accordingly, the Court denied the Motion to Convert (Doc. No. 57).

The Chapter 7 Trustee moved forward with administration of the case and filed a Motion To Compel Debtor To Cooperate With Trustee In The Administration Of This Estate (Doc. No. 63) on June 28, 2022, in which he sought to compel the Debtor to comply with specific duties pursuant to section 521 of the Bankruptcy Code related to Trustee's efforts to view and administer property located at 292 Leatherwood Court, Lawrenceville, Georgia (the "Georgia Property"). The

Court held a hearing on the Motion on July 28, 2022 but, again, Debtor did not appear (although her counsel did). The Court ordered Debtor to cooperate with the Trustee and grant the Trustee's realtor access to view the property (Doc. No. 65).

The Trustee filed an application to employ a realtor to sell the Georgia Property (Doc. No. 81). The Court held a hearing on the application on April 18, 2023. Neither Debtor nor her counsel appeared at the hearing. The Court continued the hearing to April 27, 2023, at which time Mr. Jerome appeared and explained he had attempted to contact Debtor, but she had not been responsive.

On May 2, 2023, the Court entered an order and notice of in person hearings (Doc. No. 94) (the "May Order"), requiring Debtor to appear before the Court for a status conference on June 1, 2023, followed by a full evidentiary hearing on June 15, 2023 on: 1) the Trustee's Application to Employ Bolst, Inc. and Robyn Binger as Real Estate Broker for the Estate (Doc. No. 81); 2) the Trustee's Motion for an Order (A) Authorizing the Sale of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Authorizing Disbursement of Certain Proceeds at Closing and (C) Compelling Debtor to Turn Over Possession of Property (Doc. No. 84); 3) the United States Trustee's Motion to Review and Reduction of Attorney Fees and for Imposition of Other Sanctions (Doc. No. 90); and the 4) Motion for Relief from Stay filed by U.S. Bank National Association (Doc. No. 75)). The May Order was served on the Debtor at the address listed on her petition as her principal residence (the Georgia Property), and was not returned to the Court.

On June 1, 2023, the United States Trustee also served a subpoena on the Debtor to appear and testify at the June 15, 2023 hearing (Doc. No. 98) (the "Subpoena"). The Subpoena was served by United States First Class Mail, with adequate postage prepaid to the Debtor's home address as

listed on her bankruptcy petition in compliance with Fed. R. Civ. P. 45(b)(1), adopted by Fed. R. Bankr. P. 9016. See Rainey v. Taylor, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019) (explaining the language of Fed. R. Civ. P. 45 requires only that a copy be "deliver[ed]" to the person whose attendance is sought); see also Codrington v. Anheuser-Busch, Inc., 1999 WL 1043861, at *1-2 (M.D. Fla. Oct. 15, 1999).

### Show Cause Orders

Debtor failed to appear before the Court on June 1, 2023 as directed by the May Order. Accordingly, the Court entered an Order for Debtor to Appear and Show Cause Why She Should Not Be Held in Contempt and Sanctioned for Failing to Appear Before the Court (Doc. No. 99) (the "First Show Cause Order"), requiring Debtor to appear before the Court in-person on June 15, 2023, to show cause why she should not be held in contempt and sanctioned for failing to appear before the Court on June 1. The Order further provided that if Debtor was found to be in contempt and sanctions appropriate, the Court would consider all available actions and sanctions (both monetary and non-monetary). Debtor failed to appear on June 15, 2023 in violation of the First Show Cause Order. The Court held Debtor in contempt, but deferred a ruling on sanctions.

The May Order also ordered Debtor to appear in person on June 15, 2023 for a full evidentiary hearing in order to provide testimony and other information in the identified matters. Debtor failed to appear on June 15 in violation of the May Order. Accordingly, the Court entered an Order to Show Cause directing Debtor to appear before the Court on July 11, 2023 (the "Second Show Cause Order"), to show cause why she should not be held in contempt and sanctioned for failing to appear before the Court on June 15 as required by the May Order. The Second Show Cause Order further provided that if Debtor was found to be in contempt and sanctions appropriate, the Court would consider all available actions and sanctions (both monetary and non-monetary).

The Subpoena required Debtor to appear in person on June 15. She failed to do so. Accordingly, the Court issued an order for Debtor to appear before the Court on July 11, 2023 to show cause why she should not be held in contempt and sanctioned for failing to appear before the Court on June 15 pursuant to the Subpoena (the "Subpoena Show Cause Order"). The Subpoena Show Cause Order further provided that if Debtor was found to be in contempt and sanctions appropriate, the Court would consider all available actions and sanctions (both monetary and non-monetary).

Debtor did not appear on July 11, 2023 as directed, and she filed no response to the First Show Cause Order, Second Show Cause Order, or Subpoena Show Cause Order. Alan Hinderleider appeared for the UST. Debtor's counsel did not appear.

Based on the record in this case, including argument presented on behalf of the UST, the Court **FINDS** there is clear and convincing evidence of the following, see Parker v. Scrap Metal Processors, Inc., 468 F.3d 733,739-740 (11th Cir. 2006):

- Debtor was properly served with the Court's May Order, the First Show Cause Order, the Subpoena, the Second Show Cause Order, and the Subpoena Show Cause Order;

- Debtor failed to comply with the Court's May Order by failing to appear before the Court on June 1, 2023;

- Debtor failed to comply with the Court's May Order, the First Show Cause Order, and the Subpoena by failing to appear before the Court on June 15, 2023;

- Debtor failed to comply with the Second Show Cause Order and the Subpoena Show Cause Order by failing to appear before the Court on July 11, 2023;

- Debtor's failure to comply with the May Order, the First Show Cause Order, the Subpoena, the Second Show Cause Order, and the Subpoena Show Cause Order was

intentional and willful;

- Debtor is in willful and knowing contempt of the May Order, the First Show Cause Order, the Subpoena, the Second Show Cause Order, and the Subpoena Show Cause Order;

- Debtor had notice and an opportunity to respond to the May Order, the First Show Cause Order, the Subpoena, the Second Show Cause Order, and the Subpoena Show Cause Order or appear at the June 1, 2023, June 15, 2023, and July 11, 2023 hearings, but did not do so.

Contempt

The Court has inherent authority to hold Debtor in civil contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Additionally, the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code." Law v. Siegel, 571 U.S. 415, 420-21 (2014) (citing 11 U.S.C. § 105(a)). Holding a party in contempt is a discretionary matter left to the judgment of the court. See Howard Johnson Co. v. Khimani, 892 F.2d 1512 (11th Cir. 1990). Contempt requires clear and convincing evidence. See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 739 (11th Cir. 2006) (citing U.S. v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984)).

The Court may also hold a person in contempt pursuant to Federal Rule of Civil Procedure 45, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016. Rule 45 states, in relevant part, that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Under the language of Rule 45(g), it is clear that a court can hold a person in contempt for failure to comply with a subpoena. Johnson Family Tr. v. The Marietta City Gramling St. Land Tr. (In re

The Marietta City Gramling St. Land Tr.), 2014 WL 6460684, at *4 (Bankr. N.D. Ga. Oct. 21, 2014); see also § 2465 Contempt, 9A Fed. Prac. & Proc. Civ. § 2465 (3d ed.) ("There is no doubt . . . that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court."); U.S. S.E.C. v. Hyatt, 621 F.3d 687, 693 (7th Cir. 2010) ("defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). The failure of a subpoenaed party to attend or produce according to the terms of a subpoena is prima facie evidence of contempt. 9A Fed. Prac. & Proc. Civ. § 2465.

Based on the foregoing findings, the Court finds Debtor in contempt of the May Order requiring her presence on June 1, 2023; the May Order, First Show Cause Order, and the Subpoena requiring her presence on June 15, 2023; and the Second Show Cause Order and Subpoena Show Cause Order requiring her to appear on July 11, 2023. All five orders were served on the Debtor at her home address, and none were returned or marked undeliverable. Accordingly, the Debtor was properly served with each of the orders requiring her attendance in Court. And yet, she repeatedly ignored the Court's orders and decided not to appear before the Court. Her actions were knowing and willful, and she has presented no excuse for her nonappearance.

Sanctions

Bankruptcy courts have the power to sanction under (1) their statutory civil contempt authority under section 105(a) of the Bankruptcy Code, and (2) their inherent sanction authority. In re BCB Contracting Servs., LLC, 2022 WL 1198232, at *5 (B.A.P. 9th Cir. Apr. 21, 2022), aff'd, 2022 WL 17844674 (9th Cir. Dec. 22, 2022). Pursuant to section 105(a), a bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of the Code." Law v. Siegel, 571 U.S. 415, 420-21 (2014) (citing 11 U.S.C. § 105(a)). A bankruptcy court also possesses "inherent contempt powers in all proceedings

including bankruptcy, to 'achieve the orderly and expeditious disposition of cases,'" Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991), and power to sanction abusive litigation practices. BCB Contracting Servs., LLC, 2022 WL 1198232, at *5. Courts have broad discretion in fashioning an appropriate civil contempt sanction. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990).

Remedies for civil contempt may be coercive, compensatory, or both. United States v. Mine Workers of Am., 330 U.S. 258, 303-04 (1947). Thus, sanctions for civil contempt may be used to 1) coerce the contemnor into compliance with the court's order, and/or 2) to compensate the movant for losses sustained. In re EHT US1, Inc., 633 B.R. 223, 233 (Bankr. D. Del. 2021) (citing Mine Workers of Am., 330 U.S. at 303-04). Whether a sanction for contempt is criminal or civil depends on the character of the sanction imposed, not on the subjective intent of the Court. Id. (citing Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 635-36 (1988)). Possible sanctions for civil contempt are "many and varied," and include: incarceration, fines, and reimbursement. In re Free, 466 B.R. 48, 57 (Bankr. W.D. Pa. 2012). Dismissal of a bankruptcy case may be an appropriate sanction for civil contempt where dismissal would benefit creditors who had been halted from collection activity while the debtor was afforded the protection of the bankruptcy code. See In re Cordova Gonzalez (Bankr. D.P.R. 1989) (dismissal appropriate civil contempt sanction where debtors enjoyed a hiatus of 40 months to the detriment of other parties in interest).

Here, the Court concludes dismissal of the bankruptcy case is an appropriate sanction for Debtor's conduct under section 707(a)(1) because her repeated failure to appear and respond has created an unreasonable delay prejudicial to creditors. The case has been pending for two years. It was a straightforward Chapter 7 case. Debtor received the benefit of the automatic stay while her creditors received nothing. Dismissal will afford Debtor's creditors, who were stayed from taking

8

any action for 22 months, an opportunity to collect the debts owed to them. Dismissal will thus be a remedial sanction beneficial to Debtor's creditors. Moreover, dismissal is separately authorized by sections 329 and 707 of the Bankruptcy Code, so the remedy carries out those provisions of the Bankruptcy Code pursuant to section 105(a). Accordingly, the Court dismisses the case.

Normally, dismissal of a bankruptcy petition has no long-term consequences for the debtor's ability to re-file. In re Hall, 304 F.3d 743, 746 (7th Cir. 2002). Grounds for dismissal "with prejudice," however, exist under 11 U.S.C. § 349(a) and § 105. Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

This section permits the Court "for cause" to dismiss a case with prejudice. Additionally, section 105(a) of the Bankruptcy Code provides, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "With prejudice" in this context means either barring the discharge of certain debts or limiting the debtor's authority to file a bankruptcy petition for a certain time period or both. In re Burroughs, 2014 WL 1689969, at *2 (Bankr. N.D. Ga. Apr. 29, 2014); see also Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 938 (4th Cir. 1997) (although the two sanctions differ in purpose and effect, courts often refer to both sanctions as dismissals "with prejudice"). So where the Court finds sufficient cause, it may bar the discharge of debts in a later case. Tomlin, 105 F.3d at 937 (explaining a court may forever bar the debtor from seeking discharge of then existing debts).

The Court may also bar the debtor from refiling bankruptcy for a period of time. "[A] number of cases support the authority of the bankruptcy court to dismiss a debtor's case with prejudice to future filings that extends beyond 180 days, among other remedies." Dietrich v. Knob-

9

Hill Stadium Properties, 2007 WL 579547 (6th Cir. Feb. 15, 2007) (cites omitted). Courts assess the totality of the circumstances in deciding whether cause exists to bar the refiling of a bankruptcy case. Leavitt, 171 F.3d at 1224. Courts have found cause to prohibit future bankruptcy filings by a debtor where the debtor has violated a court order, Dietrich, 2007 WL 579547, at *5, particularly when the debtor's conduct is egregious. Leavitt, 171 F.3d at 1224.

The Court finds, based on the record as a whole, cause exists to dismiss this case with a bar to subsequent discharge of debt existing as of the petition date of September 21, 2021 and a bar to successive petitions for a period of time. Debtor filed bankruptcy and then repeatedly failed to appear before the Court in proper prosecution of her case. Debtor failed to appear for her section 341 meeting of creditors scheduled for October 27, 2021. Debtor failed to appear at her Rule 2004 exam on April 13, 2022, despite being served with a subpoena to attend. Debtor failed to attend the May 26, 2022 hearing on the Motion to Convert, the July 28, 2022 hearing on the Trustee's motion to compel, and the April 18, 2023 hearing on the Trustee's application to employ a realtor. She then defied five Court orders to appear before the Court in person. Debtor ignored requests from the UST, the Chapter 7 Trustee, and the Court to appear and provide information. Debtor's conduct in this case is evidence of her disregard for the Court and its rules and processes. Debtor has failed to provide any justification or excuse for her actions. Her conduct can fairly be described as egregious. Based on the foregoing, and the finding of contempt herein, the Court concludes sufficient cause exists to dismiss the instant case, bar the discharge of all debts existing as of the petition date, and prohibit Debtor from filing bankruptcy for a period of 2 years.

**IT IS THEREFORE ORDERED** that Debtor Tracy L. Brown is hereby held in civil contempt of court for her failure to comply with the Court's May Order, the First Show Cause Order, the Subpoena, the Second Show Cause Order, and the Subpoena Show Cause Order.

**IT IS FURTHER ORDERED** that Debtor's case is hereby **DISMISSED WITH PREJUDICE** pursuant to 11 U.S.C. §§ 349(a) and 105(a)**.**

**IT IS FURTHER ORDERED** that Debtor is prohibited from filing bankruptcy under any chapter of the Bankruptcy Code for a period of 2 years from the date of the entry of this order.

**IT IS FURTHER ORDERED** that, in the event that the Debtor files a bankruptcy case in the future, the debts owed as of the petition date of September 21, 2021 are nondischargeable pursuant to this order of dismissal.

**END OF DOCUMENT**

**Distribution List**

Tracy L Brown
292 Leatherwood Ct.
Lawrenceville, GA 30043

Serge Jerome, Jr.
The Jerome Law Firm PA
1100 Peachtree Street, NE
Suite 200
Atlanta, GA 30309

Jason L. Pettie
Taylor English Duma
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Alan Hinderleider
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Jeneane Treace
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

All creditors on the case mailing matrix.